**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DAVID ALEXANDER, | ) | |
| R66783, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-2091-RJD |
| | ) | |
| MADISON EILERS, | ) | |
| AUSTIN E. DEAL, | ) | |
| L. TOLIVER, | ) | |
| SHANE N. CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff David Alexander, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivation of his constitutional rights at Graham and Lawrence Correctional Centers (Doc. 6). He seeks monetary relief and expulsion of a disciplinary action from his prison record.

Alexander's second amended complaint (Doc. 12) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such

---

[1] The Court has jurisdiction to screen the Complaint considering Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Alexander's second amended complaint provides significantly less detail than his original complaint, and it omits the exhibits he attached to the original, including copies of his final disciplinary documents. In the second amended complaint, Alexander again alleges that Defendant Eilers fabricated allegations against him about a sexual advance he made on Eilers, Defendant Deal did not thoroughly investigate the allegations, and Defendants Toliver and Clark conducted a faulty disciplinary hearing (Doc. 12 at 5-7). He claims that he is hearing impaired, and Clark and Toliver conducted the hearing at his cell front in restrictive housing. (*Id.* at 6-7). Due to the noisy environment, Alexander alleges he could not clearly hear what Toliver or Clark said and he did not know a hearing was taking place, what the charges were, or if he could present evidence. (*Id.* at 7). He alleges the forum for the hearing was inappropriate and violated Departmental Rules. He also alleges that when he was transferred some of his personal property was lost, and the disciplinary punishment "infringed upon [his] normal prison life." (*Id.* at 6).

Alexander seeks expungement of the disciplinary charges and monetary compensation (Doc. 12 at 9). The materials submitted in support of the First Amended Complaint include a copy of the disciplinary ticket, which indicated that on February 25, 2025, Alexander refused to sign when a copy of the ticket was delivered to him (Doc. 6 at 17). The materials also included the March 7, 2025, Adjustment Committee Final Summary, wherein the committee recorded excerpts of statements Alexander made about the allegations and indicated he pled not guilty (Doc. 6 at 19). As punishment, Alexander received 28 days in segregation. (*Id.*).

Alexander's complaint is inadequate, as pleaded for all the same reasons initially stated in relation to his First Amended Complaint (Doc. 10). First, he faults Eilers for fabricating disciplinary information, but an inmate cannot maintain a false discipline claim where he ultimately received due process via the prison's disciplinary proceedings. *See Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984)* (discussing allegations of false discipline by guards planting alleged false evidence, and finding there cannot be a claim if inmate got due process in the subsequent disciplinary proceedings). As the Court explains, Alexander received all the process he was due based on the punishment he received, thus he cannot maintain a fabricated discipline claim against Eilers.

Second, Alexander challenges Deal's investigation of Eilers' credibility, but there is no freestanding right in the prison disciplinary process associated with a hearing investigator's potential role in the process. Alexander does not contend that Deal prevented him from gathering or providing his own evidence, he merely complains Deal did not exercise diligence in his own investigation. Alexander also faults Deal for subjecting him to an emergency prison transfer, but inmates generally have no protected liberty interest in the prison transfer process. *Meachum v. Fano, 427 U.S. 215, 225 (1976)* ("[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated"). Alexander may only have a claim related to the transfer if the conditions at the new institution were significant and atypical compared to Graham, but he has said nothing of the sort. At most, Alexander alleges in his second amended complaint that his life at Lawrence was different because some of his personal property was lost during the transfer, but this does not create a new basis for liability.[2] As such, the Court finds no basis for Alexander to proceed against Deal.

---

[2] An inmate of the Illinois Department of Corrections may only challenge the loss of personal property in the Illinois Court of Claims. *See Cunningham v. Washington*, 16 Fed. App'x 502, 506 (7th Cir. 2001) (finding that a district court

Third, Alexander still has not alleged that the time he spent in segregation amounted to a deprivation of a liberty interest. "Prisoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary. *Smith v. Akpore*, 689 Fed. App'x 458, 460 (7th Cir. 2017) *citing Isby v. Brown*, 856 F.3d 508, 524-25 (7th Cir. 2017). In *Smith*, the Seventh Circuit concluded that 30 days in investigative segregation and 3 months of disciplinary segregation were not long enough to raise a Due Process concern. Even 6 months in segregation and 6 months' loss or restriction of privileges—do not, without more, implicate a protected liberty interest. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (six-month disciplinary segregation alone); *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (temporary loss of contact visitation and restricted commissary); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) (six-month disciplinary segregation and demotion to C grade). Some short terms of segregation may invoke a liberty interest if the conditions are deplorable. *See e.g., Jackson v. Anastasio*, 2025 WL 2437947 at * 5-8 (7th Cir. Aug. 25, 2025) (finding that 3 months of disciplinary segregation with deplorable conditions such as a cell coated with feces and urine, constant noise, water contaminated by Legionnaire's, and mice and roaches and mice were sufficient conditions to invoke a protected liberty interest). Alexander says nothing about his 28-day term of segregation that suggests an atypical and significant hardship sufficient to invoke due process protections.

Additionally, inmates who do not lose good time credit are only entitled to informal due process. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, and (2) an opportunity to present his views in a written statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024). Alexander is intent on suggesting he

---

properly dismissed a claim about an inmate's lost personal property because the Illinois Court of Claims provides an adequate post-deprivation remedy for lost inmate property).

lacked notice of the reason for the discipline because he could not physically hear well at his hearing but, he does not contest that he got advance notice of the ticket on February 25, 2025. He also claims he could not make adequate statements on his own behalf at the hearing because he did not understand what was happening, but the Adjustment Committee Summary contains excerpts of his statements that appear directly relevant to the discipline at issue, so it is implausible that Alexander was clueless or had no meaningful chance to participate.

Finally, Alexander argues again the prison did not follow its own procedures, but a failure to follow departmental policies or even state laws does not give rise to a § 1983 claim. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects against constitutional violations, not violations of state law or departmental policies). Overall, Alexander's assertions about his disciplinary experience do not rise to the level of a constitutional violation and his complaint will now be dismissed in full. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## Disposition

Alexander's Motion for an Extension of Time to File his Second Amended Complaint (Doc. 11) is **GRANTED** instanter. Alexander's Second Amended Complaint (Doc. 12) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Alexander wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Alexander chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be non-meritorious, Alexander may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**Dated: April 27, 2026**

<u>*s/ Reona J. Daly*</u>
**Reona J. Daly**
**United States Magistrate Judge**